**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4191**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BISHME WALKER,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William  D.  Quarles,  Jr.,  District
Judge.  (1:07-cr-00146-WDQ-1)

———————

Submitted:  February 19, 2009        Decided:  March 24, 2009

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary A. Ticknor, Elkridge, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Philip S. Jackson, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bishme Walker appeals from his conviction and 262-month sentence after a jury found him guilty of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (2006). Walker contends that his seizure by police, as well as the search incident to his arrest, were not supported by probable cause, and that all evidence that was obtained proximate to his arrest should be suppressed. Walker also asserts that, assuming his arrest was illegal, his subsequent statements to police should also be suppressed, regardless of the fact that he was provided with notice of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Finally, Walker claims the district court abused its discretion in permitting a police officer to testify as an expert regarding the value of the heroin, as the officer was not sufficiently qualified to present opinion testimony on this issue. After thoroughly reviewing the record, we conclude the district court did not commit reversible error in denying Walker's motion to suppress or in permitting the officer to testify as an expert.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Wilson, 484 F.3d 267, 280 (4th Cir. 2007) (citing

2

<u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996)). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. <u>United States v. Uzenski</u>, 434 F.3d 690, 704 (4th Cir. 2006).

Walker's primary contention appears to be that the officers lacked probable cause to arrest him and that, as a result, any search of his vehicle that was incident to that arrest was also invalid. Both Walker and the Government present this issue as relating solely to a determination of probable cause; however, they have failed to address the application of the <u>Terry</u>[*] doctrine to the particular facts of this case. While the officers blocked Walker's vehicle, ordered him and his passenger, Lamont Johnson, to exit, and had both men "taken to the back of the vehicle," the manner in which the investigative stop was carried out by police did not serve to convert it into an arrest. As this court noted in <u>United States v. Taylor</u>, 857 F.2d 210, 214 (4th Cir. 1988), once an investigative stop of an automobile is made, "ordering suspects from the vehicle is a valid precautionary measure designed to afford a degree of protection to the investigating officer." Additionally, while the car was blocked in and the suspects restrained by the officers, "[a] brief but complete restriction of liberty is

---

[*] <u>See</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968).

3

valid under Terry" and does not result in a custodial arrest. Id. (quoting United States v. Moore, 817 F.2d 1105, 1108 (4th Cir. 1987)). Accordingly, we find that the removal of Walker from his vehicle is properly analyzed under Terry.

In assessing the validity of the Terry stop, this court must consider the totality of the circumstances. United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (citations omitted). Factors which may appear to suggest only innocent conduct may nonetheless amount to reasonable suspicion when considered together. Id. The assessment of reasonable suspicion must "give due weight to common sense judgments reached by officers in light of their experience and training," as the court credits the "practical experience of officers who observe on a daily basis what transpires on the street." Id.

In challenging the district court's determination that the search and seizure were lawful, Walker contends that the police "did nothing to verify the truth of the assertions of the [informant]" who had told the officers that Walker would be receiving a large amount of heroin on that day. However, the reliability of an informant can be established by demonstrating that "the informant has previously given tips that have proved to be correct, or that the information given has been corroborated." United States v. Chavez, 902 F.2d 259, 264 (4th Cir. 1990) (internal quotation marks and citation omitted). In

4

this case, both of these factors are present. According to Detective Keith Gladstone, the informant had proven very reliable in the past in providing information in multiple cases involving narcotics distribution. Additionally, the informant gave the information to Gladstone face-to-face, as he personally identified Walker as the individual that would be receiving the narcotics, thereby providing Gladstone with an opportunity to further judge the informant's credibility. See Perkins, 363 F.3d at 323. Finally, the informant gave specific information regarding the vehicle that Walker would be driving, including the license plate number, which was later verified by police. See United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993).

Notably, the police did not rely solely on the informant's information and identification of Walker; rather, they observed a number of interactions that were consistent with narcotics distribution. Gladstone relied on his extensive training and experience to determine that Walker's interactions with Johnson and other individuals, which may have appeared to be innocuous, were consistent with the methods commonly employed by those trafficking in narcotics. See Illinois v. Gates, 462 U.S. 213, 232 (1983); see also Ornelas v. United States, 517 U.S. 690, 699 (1996). "The mere fact that particular conduct may be susceptible of an innocent explanation does not establish a lack of reasonable suspicion," as police are not required to

wait until criminal activity actually occurs before investigating a suspicious set of circumstances. Perkins, 363 F.3d at 327. Accordingly, based on the informant's tip and the surveillance of Walker and his vehicle, we conclude that the officers had a sufficient basis under Terry for carrying out the investigatory stop and removing Walker from the vehicle.

Following Walker's removal from the vehicle, Gladstone looked inside the car and saw two bags on the front floor that appeared to contain heroin. Walker contends that this evidence should be suppressed as the product of an illegal search; however, there are no grounds on which such evidence could be deemed inadmissible, as Walker was removed from the vehicle pursuant to a valid Terry stop and the drugs were observed by Gladstone in plain view. There is no indication that Gladstone engaged in a search of the interior of the vehicle, as he merely looked inside of the car with a flashlight and, after seeing the narcotics on the floorboard, placed Walker and Johnson under arrest. See United States v. Jackson, 131 F.3d 1105, 1108 (4th Cir. 1997) ("Viewing an article that is already in plain view does not involve an invasion of privacy and, consequently, does not constitute a search implicating the Fourth Amendment.").

To the extent that Walker challenges the legality of his arrest, probable cause for an arrest exists when the facts and circumstances within an officer's knowledge, and of which

the officer had reasonably trustworthy information, are "sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); see also United States v. Manbeck, 744 F.2d 360, 376 (4th Cir. 1984). The totality of the circumstances may include tips from reliable informants. See Alabama v. White, 496 U.S. 325, 330-31 (1990). In light of the large amounts of heroin that were visible inside of Walker's car and the fact that the informant's tip was supported by activity consistent with narcotics distribution, the police clearly had probable cause to place Walker under arrest. Furthermore, any subsequent search and seizure of narcotics from the interior of the vehicle was proper as a search incident to arrest. See United States v. Milton, 52 F.3d 78, 80 (4th Cir. 1995) (citing New York v. Belton, 453 U.S. 454 (1981)). Therefore, we find that the district court did not err in denying the motion to suppress.

In a related claim, Walker contends the district court erred in refusing to suppress statements that he made to police following his arrest, asserting that the statements were obtained as a direct result of his illegal arrest and that the Miranda warnings did not serve to cure the violation. However, as explained above, the arrest was valid and adequately supported by probable cause. To the extent that Walker

7

challenges the sufficiency of the Miranda warnings, Gladstone testified that both Walker and Johnson were read their rights prior to any questioning. Walker presented no evidence at the suppression hearing to contradict Gladstone's account, which the district court found to be credible. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, we find Walker's claim to be without merit.

Finally, Walker contends the district court abused its discretion in permitting Gladstone to testify as an expert witness at trial in regard to the value of the heroin recovered from the vehicle, as Gladstone had not previously testified as an expert on this issue and was unfamiliar with the specific geographic location involved in this case. This court reviews the district court's decision to admit expert testimony under Fed. R. Evid. 702 for abuse of discretion. United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999)). The district court must be granted "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Wilson, 484 F.3d at 273. If an expert seeks to be qualified on the basis of experience, the district court must require that he "explain how his experience leads to the conclusion reached, why his experience is a sufficient basis for the opinion, and how his experience is

8

reliably applied to the facts." Id. at 274 (internal quotation marks and citation omitted).

Even assuming without deciding that the district court abused its discretion in permitting Gladstone to provide expert opinion as to the value of the narcotics, Walker is not entitled to relief. The consequences of the improper admission of expert testimony are reviewed under the harmless error standard. See United States v. Forrest, 429 F.3d 73, 81 (4th Cir. 2005) (citation omitted). "An error in admitting improper expert testimony is harmless if viewing the record as a whole, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty absent the testimony." Id. (internal quotation marks and citation omitted).

On the record in this case, it is clear that the jury would have found Walker guilty even absent Gladstone's testimony regarding the wholesale value of the drugs. Gladstone testified that the heroin found in the vehicle was "definitely" intended for distribution, based not only on the value of the drugs found in the car, but the "very high quantities" that were recovered. As stipulated to by the parties, the police recovered nearly 500 grams of heroin from the vehicle, an amount that is inconsistent with personal use. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). Furthermore, Gladstone testified that Walker admitted that the 500 grams were "fronted" or given to

9

him on a "consignment basis," as he was "having financial difficulties and this was going to help him get back on his feet." Therefore, even in the absence of Gladstone's testimony regarding the value of the heroin, we find it to be clear beyond a reasonable doubt that the jury would have returned a verdict of guilty on the charge of conspiracy to possess with intent to distribute heroin.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED